UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MARTIN ELLISON HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-140 |
| | ) | *Greer/Inman* |
| | ) | |
| ROGERSVILLE CITY POLICE DEP'T; | ) | |
| JOEY MADDOX; CHARLES GIBSON; | ) | |
| HAWKINS COUNTY CORR. FACILITY; | ) | |
| RONNIE LAWSON, Sheriff; TONY | ) | |
| ALLEN, Chief Deputy; LT. GALLION, | ) | |
| Chief Jailer; SOUTHERN HEALTH | ) | |
| PARTNERS; BRITNEY L/N/U; BRIAN | ) | |
| L/N/U; DR. MATHEWS; INV. RENTAL | ) | |
| PROPERTIES; GLEN COURTNEY, Sr. | ) | |
| Owner; DONNA CHRISTIAN, Sec'y; | ) | |
| BUDDY BAIRD, Att'y at Law; PAT | ) | |
| JOHNSON, Det.; JIM SHANKS, Det.; | ) | |
| and CHRIS FUNK, Officer; | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

Acting *pro se*, Martin Ellison Hughes, a pretrial detainee, has submitted this civil rights complaint for injunctive, equitable, and monetary relief and three amended complaints under 42 U.S.C. § 1983, [Docs. 1, 10-11, and 20]. Plaintiff has paid the civil filing fee of four hundred dollars ($400) and therefore, his application to proceed without prepayment of fees, [Doc. 2], is **DENIED** as **MOOT**. Because Plaintiff has paid the filing fee, the screening procedures in 28 U.S.C. § 1915(e)(2), which apply to prisoners who are proceeding *in forma pauperis*, do not apply to him. *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

However, the screening provisions in 28 U.S.C. § 1915A that authorize the dismissal of fee-paid prisoner complaints seeking relief from a governmental entity, officer, or employee do apply in this case. *Hyland v. Clinton*, 3 F.App'x 478, 479, 2001 WL 128340, at *1 (6th Cir. Feb. 7, 2001). Dismissal under these provisions is appropriate where the allegations in the complaint are frivolous, malicious, or fail to state a claim upon which relief may be granted.

In screening these complaints, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

## II.     Plaintiff's Allegations

In his complaint, Plaintiff has sued the Rogersville City Police Department and two police officers who arrested him, namely Joey Maddox and Charles Gibson, claiming that, following a fracas at his apartment building between Plaintiff and numerous individuals, he was the only person taken to jail, while those other equally or more culpable "victims" remained at liberty.

In his first amended pleading, [Doc. 10], Plaintiff adds, as Defendants, the Hawkins County Correctional Facility, Sheriff Ronnie Lawson, Chief Deputy Tony Allen, and Chief Jailer Lt. Gallion, asserting that they have engaged in medically negligent conduct and, in violation of state statutes, misconduct and official oppression.    Moreover, Plaintiff maintains that the

2

Rogersville Police Department will not conduct a proper investigation into the criminal case against him nor into the burglary and looting of his apartment.

Other Defendants added in the first amended pleading are the Southern Health Partners, an entity which provides medical care to prisoners at the jail, and Dr. Matthews, who is the Southern Health Partners' "on site" physician. Though Plaintiff has shown the authorities his personal medical records, including x- rays and several doctors' reports, which purport to prove that metal fragments are loose in his right leg and knee from a prior surgery, Dr. Matthews informed Plaintiff that Sheriff Lawson "would never approve any surgery or costly medical help" for him.

The final Defendants added in the first amended complaint are Investment Rental Properties (the "Company"), which operates the apartment building where the altercation occurred and where Plaintiff was arrested; the owner of the Company, Glen Courtney, Sr.; and the Company's secretary, Donna Christian. Plaintiff's theory of liability for these three Defendants are that the on-site security officer (who also was a tenant in the apartment building) did not respond when Plaintiff was being attacked and that the Defendants did not secure Plaintiff's residence after he was arrested, which allowed his apartment to be burglarized and ten thousand dollars ($10,000) worth of property stolen.

In the second amended complaint, still other Defendants are named, [Doc. 11]. Buddy Baird, who was Plaintiff's attorney in the pending state criminal case, is added as a Defendant because, according to Plaintiff, he advised Plaintiff to waive a preliminary hearing and because, after Plaintiff signed the waiver, Attorney Baird left the courtroom and Plaintiff was held without bond. Furthermore, Defendant Baird also labored under a conflict of interest because he lived in housing operated by the Company. Britney and Brian, whose last names are unavailable to

Plaintiff, have also been named as Defendants, though no allegations of fact have been offered to show any constitutional wrongdoing on their parts.

In the third amended complaint, Plaintiff adds as Defendants Pat Johnson and Jim Shanks, both detectives with the Rogersville Police Department, and another Rogersville police officer, Chris Funk. These Defendants, according to the pleading, were involved in Plaintiff's unlawful arrest and failed to conduct a proper investigation into the circumstances leading to his arrest. It is also claimed that these Defendants refused to allow Plaintiff to report the burglary of his apartment on the night of his arrest. It is further claimed that Plaintiff has been moved from pod to pod in the jail, locked down 23 hours a day in maximum security, housed in a cell without running hot water or a functioning air system, and subjected to physical threats and violence in the jail environment.

For the alleged violations of his rights, Plaintiff seeks the dismissal of all state criminal charges lodged against him, the initiation of criminal charges against the true culprits in the altercation at Plaintiff's apartment building, a retraction of the slanderous article in the newspaper report of the incident, a formal apology from the arresting officers, and compensation for loss of time with his family and the embarrassment caused by the untoward actions taken against him.

**III. Discussion**

*A. Review under 28 U.S.C. § 1915A*

The Court must now review the complaint, under § 1915A, as to Defendants Rogersville City Police Department, Rogersville Police Officers Joey Maddox, Charles Gibson, Pat Johnson, Jim Shanks, and Chris Funk, Hawkins County Sheriff Ronnie Lawson, Chief Deputy Tony

4

Allen, and Chief Jailer Lt. Gallion to determine whether Plaintiff has failed to state a claim against these governmental officers or employees.

At the outset, the first Defendant, the Rogersville City Police Department, is not a suable entity under § 1983, and thus, the allegations asserted against this Defendant fail to state a claim for relief. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a police department is not a suable entity).

By the same token, the Hawkins County Correctional Facility is a building and not an entity subject to suit. *See Marbry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983.") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) ((("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.").

The doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), applies to Plaintiff's claim that the Defendants failed to engage in a proper investigation into the charges against Plaintiff and to his request for dismissal of those charges of which he claims to be innocent. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and where a plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings are pending in the state court. There, Plaintiff may attack in the state court any infringements on his trial-related rights by these particular Defendants and may seek dismissal of those charges of which he claims to be innocent. Were this Court to find in Plaintiff's favor with respect to damages or to the dismissal of the charges, any such a ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so. Therefore, the Court must abstain from interfering in Plaintiff's state criminal proceedings by affording him the relief he seeks. Thus, his requests for dismissal of the charges and damages are **DENIED,** and all claims related to his ongoing criminal prosecution are **DISMISSED** without prejudice.

As to Plaintiff's allegations concerning medically negligent conduct on the part of Sheriff Ronnie Lawson, Chief Deputy Tony Allen, and Chief Jailer Lt. Gallion, it is well recognized that contentions of mere negligence will not entitle a plaintiff to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). The same is true of medical negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").[1]

And even if the Court generously interprets Plaintiff's contentions as an implied claim for deliberate difference to his serious medical needs, he still would be required to show that one of the Defendants possessed the state of mind of deliberate indifference. *Id*. at 104 (finding that

---

[1] The Eighth Amendment serves as primary source of protection for a convicted prisoner, *Bell v. Wolfish,* 441 U.S. 520, 537 n.16 (1979), whereas a pretrial detainee is entitled to same protections under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See id*. at 535. Thus, the analysis which applies to Eighth Amendment claims applies here as well. *Whitley v. Albers*, 475 U.S.312, 327 (1986); *City of Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

deliberate indifference to an inmate's serious medical needs violates the Constitution). To establish deliberate indifference, Plaintiff would need to demonstrate that Defendants were aware of facts from which they could infer that he faced a substantial risk of harm and that they actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff submits no contentions to show that these Defendants knew facts from which they could infer that he had a serious medical need or that they actually drew that inference. Therefore, there are no assertions to support the deliberate indifference prong of a constitutional medical mistreatment claim and any such a claim falters.

It may be that Plaintiff is seeking to impose liability on the Sheriff, the Chief Deputy, and the Chief Jailer because they are responsible for safe housing for inmates at the Hawkins County jail and for properly managing or supervising the operations at that facility. However, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995).

While respondeat superior does not provide a valid basis of liability, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell,* 436 U.S. at 691; *Rizzo v. Goode*, 423 U.S. 362 (1976), Plaintiff can still hold these Defendants liable so long as he can demonstrate that they implicitly authorized, approved, or knowingly acquiesced in the alleged wrongdoing of any of their subordinates. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). But they cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

As the Plaintiff does not allege that these Defendants knew about Plaintiff's medical problems, there is nothing from which to conclude that these Defendants condoned any subordinate's failure to act on any risk to his health caused by the loose metal in his leg and knee. *See e.g., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995) ("The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability.").

As concerns Plaintiff's contentions about the supposed substandard housing conditions at the jail, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Where prison conditions are concerned, the objective factor is satisfied by a condition which denies the prisoner "the minimum civilized measure of life's necessities." *Id*. at 834; *see also Helling* v. McKinney, 509 U.S. 25, 36 (1993) (finding that an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk") (emphasis in original).

Relevant too is the length of time an inmate is subjected to an alleged unconstitutional condition. *See Bell v. Wolfish*, 441 U.S. 520, 543 (1979) ("Our conclusion [that double-bunking is constitutionally permissible] is further buttressed by the detainees' length of stay. . . . Nearly all of the detainees are released within sixty days."); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension"). Put simply, "temporary inconveniences and discomforts" do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971).

In this case, Plaintiff has not identified any specific Defendant as being involved in subjecting him to the alleged wrongful conditions and, thus, has failed to demonstrate the requisite mental element of deliberate indifference. Nor has he alleged the length of time to which he was exposed to these purportedly unconstitutional conditions. In addition, many of the described conditions are not constitutionally prohibited. For example, Plaintiff has no right to be housed in any particular correctional facility or particular cell in that facility. *See Montayne v. Haynes*, 427 U S 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Nor has he a constitutionally protected interest in being free from a maximum security cell. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (finding that an inmate has no liberty interest in being free of a restraint unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (observing that "a transfer to a maximum security facility with more burdensome conditions is within the normal limits or range of custody which the conviction has authorized the State to impose").

By the same token, Plaintiff has no freestanding right to have a law enforcement officer preform the criminal investigations he would have them perform. *Burchett v. Self*, 1994 WL 276865, *2 (6th Cir. June 21,1994) (finding that "the failure of a law enforcement officer to investigate a crime of violence does not establish a civil rights violation unless another recognized constitutional right is involved") (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam); *Smith v. Ross*, 482 F.2d 33, 36-37 (6th Cir.1973) (per curiam)).

For these reasons, all the governmental Defendants (i.e., the Rogersville City Police Department, the Hawkins County Detention Facility, Sheriff Lawson, Chief Deputy Allen, Chief

9

Jailer Gallion, and Officers Maddox, Gibson, Johnson, Shanks, and Funk) are **DISMISSED** for failure to state a claim against them.

B.  Subject Matter Jurisdiction

   1.  *State Actor Element*

The next topic for discussion involves Plaintiff's allegations against his attorney, Buddy Baird, who is charged with laboring under a conflict of interest and advising Plaintiff to forego his preliminary hearing. Likewise to be discussed are Plaintiff's allegations against the Company which operated the apartment building where Plaintiff was arrested, the owner of the Company, and the Company's secretary.

A fee-paid complaint such as this may be dismissed sua sponte for lack of jurisdiction where the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Smith v. Williams–Ash*, 520 F.3d 596, 599 (6th Cir. 2008) (same) (citing *Flagg Bros.*, 436 U.S. at 155); *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (observing that "[s]ection 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law") (citing *Flagg Bros.*, 436 U.S. at 155).

Plaintiff has failed to show the second element, that is, state action, with respect to these above named Defendants. Defendant Baird is a lawyer who acted as Plaintiff's defense counsel

and, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County*, 454 U.S. at 321 (1981); *Bomer v. Muechenheim*,75 F.App'x 998, 999, 2003 WL 22220535, *1 (6th Cir. Sept. 24, 2003) (finding that an "appellate attorney is not subject to suit under § 1983 since he is not a state actor") (citing *Polk County*, 454 U.S. at 325); *United States v. Friedman*, 1993 WL 386797, *5 (6th Cir. Sept. 30, 1993) (noting that "[t]he conduct of privately retained counsel does not constitute state action") (citing *Polk County*, 454 U.S. at 317-19).

Defendants Company, Glen Courtney, Sr. and Donna Christian also are private actors. While private actors may be liable under § 1983, if they conspire with a state actor to violate civil rights, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1981), the complaint contains no allegations of this nature. Thus, the Court sees nothing in the complaint to suggest that the actions or inactions of these Defendants can fairly be attributed to the State.

The issue as to whether the state-action element is a prerequisite to a viable § 1983 claim is well settled and is no longer open for discussion. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (emphasizing the Supreme Court's " repeated insistence that state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor") (italics in original), *cf. Hagans v. Lavine*, 415 U.S. 528, 541 (1974) (claim was not insubstantial where Supreme Court was "unaware of any cases in this Court specifically dealing with this or any similar [issue] and settling the matter one way or the other").

Lacking any allegations of state action, Plaintiff has failed to state a plausible claim against this category of Defendants, *see Twombly*, 550 U.S. at 562 (noting that "a complaint . . .

11

must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"), and his claims lack an arguable legal basis. *See Hassink v. Mottl*, 47 F. App'x 753, at *1–2 (6th Cir.2002) (affirming the district court's sua sponte dismissal of a fee-paid complaint alleging claims against plaintiff's attorney because he "was not a state actor under color of state law within the meaning of § 1983" and because "the complaint lacked an arguable basis in law"). Therefore, Defendants Buddy Baird, Investment Rental Properties, Glen Courtney, Sr., and Donna Christian and all claims against them are **DISMISSED**.

    *2.* *Medical Claims*

Left for discussion are Plaintiff's claims that Defendants Southern Health Partners and Dr. Matthews denied him proper medical attention. Britany and Brian, whose last names are not provided, likewise were named as Defendants. The placement of their names underneath the name of Defendant Southern Health Partners seemingly signifies that they are connected in some unidentified manner with this medical care provider. However, that is impossible to discern from the pleadings, since no contentions of fact have been made against them.

Be that as it may, as noted previously, deliberate indifference to a prisoner's serious medical need constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment.[2] *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 833-34.

---

[2] The Eighth Amendment serves as primary source of protection for a convicted prisoner, *Bell v. Wolfish,* 441 U.S. 520, 537 n.16 (1979), whereas a pretrial detainee is entitled to same protections under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See id*. at 535. Thus, the analysis which applies to Eighth Amendment claims applies here as well. *Whitley v. Albers*, 475 U.S.312, 327 (1986); *City of Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id*. The subjective component requires a showing that a defendant possessed the state of mind of deliberate indifference. *Id*. at 837. A plaintiff establishes deliberate indifference by demonstrating that a defendant was aware of facts from which he could infer that such a risk existed and that he actually drew that inference. *Ibid*.

Plaintiff has alleged that he has medical records which reveal that metal is floating loose in his right leg and knee; that he showed those records while he was confined in the jail, though he does not indicate to whom he showed the records; that he saw Defendant Dr. Matthews; and that Dr. Matthews told him that the Sheriff will not pay for surgery. Implicit in these allegations is that Defendant Matthews diagnosed Plaintiff as needing surgery but did not actually order the surgery due to cost considerations.

Whether or not what has been found to be implicit ultimately will be proven to have been correct, the Court cannot say, at this point in time, that Plaintiff's allegations regarding medical care are "implausible, attenuated, unsubstantial, or patently frivolous." *Fields v. Campbell*, 39 F.App'x 221, 223, 2002 WL 1359388, *2 (6th Cir. 2002) (finding that, while "these allegations may fail to state a claim of deliberate indifference to a serious medical need, they are not so implausible, attenuated, unsubstantial, or patently frivolous, that the district court lacked subject matter jurisdiction"). These claims may advance to service.

The same is not true of Defendants Britany L/N/U and Brian L/N/U. It has long been established that, absent an allegation of constitutional wrongdoing, there is nothing to which a defendant can answer. *Brooks v. American Broadcasting Companies, Inc*., 932 F.2d 495, 499 (6th Cir. 1991) (noting that "[d]efendants cannot effectively answer the allegation because there is nothing specific to answer."). Because there are absolutely no allegations of any conduct on

13

the part of these two Defendants, unconstitutional or otherwise, the pleadings as to them are so implausible and patently frivolous as to deprive the Court of subject matter jurisdiction. Therefore, Defendants Britany L/N/U and Brian L/N/U are **DISMISSED** from this lawsuit.

## IV.     Conclusion

Because the claims against Defendants Southern Health Partners and Dr. Matthews are sufficiently substantial to confer subject matter jurisdiction on the Court, the Clerk is **DIRECTED** to send Plaintiff two service packets.  (Each packing contains a blank summons and USM 285 form.)

When a plaintiff has been granted pauper status, the United States Marshals Service must serve process upon a defendant, thus relieving a plaintiff of his burden to serve process. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(2).  Because Plaintiff is not proceeding *in forma pauperis*, 28 U.S.C. § 1915(d) does not apply.  And because § 1915(d) does not apply, Plaintiff himself must serve a copy of the complaint and summons upon Defendants in compliance with the appropriate procedural rules. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service.  A Defendant's failure to timely respond to the complaint may result in entry of judgment by default against that Defendant.

Plaintiff is **ORDERED** to inform the Court in writing, and Defendants or their counsel of record, immediately of any address changes.  Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE