UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MARTIN ELLISON HUGHES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:14-CV-00140-JRG-MCLC |
| SOUTHERN HEALTH PARTNERS and DR. KENNETH MATHEWS, | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

This is a pro se prisoner's civil rights action pursuant to 42 U.S.C. § 1983, which was allowed to advance past the screening stage only with respect to one claim—an inferred claim that the sole remaining Defendant, Dr. Kenneth Mathews, had diagnosed Plaintiff as needing surgery but did not actually order the surgery due to cost considerations [Doc. 28]. To be clear, the claim which advanced was extrapolated from Plaintiff's allegations, but it never was explicitly made. As the Supreme Court has explained, a claim is not plausible unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, on October 11, 2016, the Court ordered Plaintiff to show cause within fourteen (14) days of that date as to why his claim against Defendant Mathews should not be dismissed as "implausible, attenuated, unsubstantial, or patently frivolous" [Doc. 70].

Rather than to show cause, Plaintiff filed two letter motions seeking the Court's intervention in the discovery process [Docs. 71, 75]. In the first motion, Plaintiff asks the Court to issue an order requiring the production of his medical records, which he contends will show

that Defendant Mathews knew of Plaintiff's surgical needs and that, based on Plaintiff's past medical records from a medical provider, an emergency room, and a physician's assistant, Defendant Mathews likewise knew that he was already a surgical candidate [Doc. 71 at 1].

The second motion is a combined motion to compel the production of medical records, kiosk records and other documents relevant to his complaint and to disclose information with regard to an eyewitness, former Hawkins County Detention Center Correctional Officer Jonathan B. Mathews, who, so Plaintiff asserts, will testify that he heard Dr. Mathews deny Plaintiff surgery for "cost restrictions" [Doc. 75 at 1-2].

Plaintiff is not entitled to discovery because, as discussed in the show cause order, he has failed to allege a plausible claim for relief under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because [Plaintiff]'s complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Accordingly, Plaintiff's motions for discovery are **DENIED** [Docs. 71, 75].

Following the entry of the show cause order, Plaintiff also moved for the appointment pf counsel [Doc. 74]. However, Plaintiff has not stated a plausible claim against Defendant Mathews; thus this case presents no extraordinary circumstances which would warrant appointment of counsel. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) ("We take judicial notice of the fact that courts within this circuit, absent extraordinary circumstances, do not appoint lawyers."); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Therefore, Plaintiff's motion to appoint counsel is **DENIED** [*Id.*].

Because Plaintiff has not shown cause as to why his lawsuit should not be dismissed as to Defendant Mathews, this case will be **DISMISSED**.

Finally, all other pending motions are **DENIED** as **MOOT**.

**AN APPROPRIATE JUDGMENT WILL FOLLOW**.

**ENTER**:

                                              s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE